UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PAUL J. BISHOP,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY, and JOHN LAVA,<br><br>    Defendants. | Civil Action No.: 2:10-cv-1095<br><br><br>OPINION<br><br>HON. WILLIAM J. MARTINI |

**MEMORANDUM OPINION**

**I.    INTRODUCTION**

Plaintiff Paul J. Bishop filed a pro se complaint (and, subsequently, an amended complaint) in the United States District Court for the District of New Jersey against the United States Department of Homeland Security ("DHS"), his former employer, and John Lava, his former supervisor. Plaintiff alleged various breach of contract claims against Defendants in connection with his termination. Subsequently, Defendants filed a motion to dismiss the amended complaint, arguing that this Court lacks subject matter jurisdiction.

Before the Court is Defendants' motion. The Court, for the reasons elaborated below, will **GRANT** Defendants' motion in part, and **DENY** it in part. Specifically, the Court will **DISMISS** this action for lack of subject matter jurisdiction, and pursuant to statutory authority, will **TRANSFER** this matter to the United States Court of Appeals for the Federal Circuit. In these circumstances, the remaining motions on the docket for this case are **DENIED** as **MOOT**.

1

## II.     FACTUAL BACKGROUND ALLEGED IN THE AMENDED COMPLAINT

According to the amended complaint, (Doc. No. 5), the facts are generally as follows. Plaintiff alleges that his former employer, DHS, and supervisor, John Lava, breached their employment contract with him when he was terminated on August 20, 2007. Plaintiff was hired by Defendant DHS as a probationary Customs and Border Protection Agriculture Specialist at the Port of Newark.[1] Plaintiff was responsible for inspecting agricultural cargo as it entered the United States for biological pests or threats. On May 11, 2007, Plaintiff sought mediation with the Equal Employment Opportunity Commission ("EEOC") after alleging that he was denied computer access and training opportunities at work. On July 2, 2007, Plaintiff filed his first complaint with the EEOC, this time alleging racial and gender discrimination for his lack of work training opportunities.

Plaintiff alleges that he made confidential disclosures to the DHS during mediation proceedings and that the DHS agreed to keep those disclosures confidential. On August 20, 2007, Plaintiff was terminated. Plaintiff alleges that Defendant John Lava used Plaintiff's confidential mediation disclosures as grounds for dismissal. Plaintiff argues that DHS breached *two* contracts: his employment contract, and the agreement to keep mediation disclosures confidential.

Subsequently, Plaintiff filed a complaint with the Office of Special Counsel ("OSC"), alleging that his termination was in retaliation for certain whistle blowing disclosures. When the OSC decided to terminate Plaintiff's case, he appealed the decision to the Merit Systems Protection Board ("MSPB"). Upon review, the MSPB rejected Plaintiff's claims, and issued a final order denying him relief. Plaintiff then filed a complaint in this Court (albeit, absent any discrimination claims), and Defendants subsequently brought the instant motion to dismiss.

## III.    STANDARD OF REVIEW

---

[1] It would appear that his employment relationship with the federal government during his probationary period was set out by Notification of Personnel Action, Standard Form 50 (August 22, 2005):

> Appointment is [not to exceed] two years. Upon satisfactory completion of internship, you will be noncompetitively converted to a career or career-conditional appointment. If your performance is not satisfactorily complete internship, employment will be terminated.

*Id*. ¶ 45 (capitalization removed).

The Defendant's motion to dismiss is brought pursuant to the provisions of Fed. R. Civ. P. 12(b)(1). This rule provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to establish that the Court has jurisdiction over the claims at issue. Unlike a Rule 12(b)(6) motion to dismiss, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Carpet Group Int'l v. Oriental Rug Importers Ass'n, Inc.*, 227 F.3d 62, 69 (3d Cir. 2000) (internal quotation marks omitted). "Although the Court must read a pro se plaintiff's factual allegations liberally and must apply a less stringent pleading standard than if the plaintiff was represented by counsel," *Schwartz v. U.S. Dep't of Justice*, 2007 WL 291465, at *3 (D.N.J. Oct. 4, 2007) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)), the plaintiff ultimately bears the burden of establishing subject matter jurisdiction in the context of a 12(b)(1) motion. *See Schwartz*, 2007 WL 291465, at *3.

## IV.  ANALYSIS

The Defendants put forward three defenses. First, the Defendants argue that this Court lacks subject matter jurisdiction to hear what is, according to Defendants, in effect, an appeal of an MSPB decision. Second, Plaintiff's termination was not a breach of any employment contract. Third, the mediation agreement was not breached because the information Plaintiff disclosed to DHS was not confidential. The second and third defenses go to the merits of the action. Because, as explained below, the Court finds it lacks subject matter jurisdiction, it need not reach, and indeed it cannot reach the merits of this action and Defendants' remaining two defenses.

Plaintiff alleges that Defendants breached his employment contract and his EEOC agreement for confidential mediation. Although Plaintiff freely asserts the existence of written and implied contracts with the DHS, he fails to provide details or specificity in regard to those purported employment contracts.[2] He does not explain their terms, when they were formed, and who consented to the terms on behalf of the United States. His assertion in regard to breach is a legal conclusion, not a factual allegation. The Court is not bound to such conclusions, notwithstanding their appearance in the amended complaint.

This Court concludes that Plaintiff's claims are not properly characterized as contractual because he fails to distinguish them from his previous employment actions.

---

[2] Plaintiff alleges that DHS breached both the employment agreement and the agreement to keep confidential information disclosed during mediation. The harm connected to the latter purported "breach" is that the information may have been an element in the decision to terminate him. Thus this second purported "breach" does not supply an independent cause of action.

3

Moreover, "absent specific legislation, federal employees derive the benefits and emoluments off their positions from appointment rather than from any contractual or quasi-contractual relationship with the government." *Chu v. United States*, 773 F.2d 1226, 1229 (Fed. Cir. 1985). "[T]he law is well settled that, public employment does not . . . give rise to a contractual relationship in the conventional sense." *Shaw v. United States*, 640 F.2d 1254, 1260 (Ct. Cl. 1981) (quoting *Urbina v. United States*, 428 F.2d 1280 (Ct. Cl. 1970)). The well pled allegations of the amended complaint indicate that Plaintiff's claims are readily identifiable as an appeal of the MSPB decision below. Plaintiff raises what appear to be the same arguments and seeks the same remedies he sought in his MSPB proceeding, including reinstatement to his position, back pay, and compensatory damages. The United States Court of Appeals for the Federal Circuit has exclusive jurisdiction of appeals from MSPB determinations. *See* 5 U.S.C. § 7703(b)(1); *Kligman v. I.R.S. Human Resources*, 2007 WL 2409738, at *2 (E.D. Pa. Aug. 20, 2007). Furthermore, such appeals "should proceed along the heretofore universally accepted route of judicial review [of agency decision-making], not through a collateral attack raised in the district court." *Wilder v. Solis*, 2009 WL 989774, at *1 (D.D.C. April 13, 2009). Thus, this Court lacks subject matter jurisdiction over this action.

Plaintiff received a final order denying his petition from the MSPB on February 24, 2010. This order informed Plaintiff that he had sixty days to appeal the MSPB decision to the United States Court of Appeals for the Federal Circuit. Instead of filing his appeal with that court, Plaintiff sought relief from this Court. Although this Court must dismiss Plaintiff's complaint for a lack of subject matter jurisdiction, it is also permitted, if it is in the interest of justice, to transfer a civil action to the appropriate court even when it lacks subject matter jurisdiction. *See* 28 U.S.C. § 1631; *cf.* 28 U.S.C. § 1404. Although Plaintiff filed in the wrong court, his filing this action was otherwise timely. He remains active and interested in this case. It is in the interests of justice to transfer this case to a court with jurisdiction to hear the action. *See* 28 U.S.C. § 1631; 28 U.S.C. § 1404; *cf. Lafferty v. Gito St. Riel*, 495 F.3d 72, 77 (3d Cir. 2007). Furthermore, the Defendants have not opposed transfer.

## V.     CONCLUSION

For the reasons elaborated above, the Court **GRANTS** in part, and **DENIES** in part, Defendants' Motion. The Court **DISMISSES** this action for lack of subject matter jurisdiction, and pursuant to statutory authority, **TRANSFERS** this matter to the United States Court of Appeals for the Federal Circuit. The motion is **DENIED** in all other respects. The remaining motions on the docket for this case are **DENIED** as **MOOT**. An appropriate order accompanies this opinion.

s/ William J. Martini
**DATE: December 21, 2010**             **William J. Martini, U.S.D.J.**