UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PAUL J. BISHOP,<br><br>     Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY, and JOHN LAVA,<br><br>     Defendants. | Civil Action No.: 2:10-cv-1095<br><br><br>OPINION<br><br>HON. WILLIAM J. MARTINI |

MEMORANDUM OPINION

I.   INTRODUCTION

Plaintiff Paul J. Bishop filed a pro se complaint (and, subsequently, an amended complaint) in the United States District Court for the District of New Jersey against the United States Department of Homeland Security ("DHS"), his former employer, and John Lava, his former supervisor. Plaintiff alleged various breach of contract claims against Defendants in connection with his termination. Subsequently, Defendants filed a motion to dismiss the amended complaint, arguing that this Court lacks subject matter jurisdiction. This Court ordered this action transferred to the United States Court of Appeals for the Federal Circuit which has jurisdiction over appeals of decisions of the United States Merit Systems Protection Board. Now Plaintiff seeks reconsideration of the transfer order, seeks a preliminary injunction, and petitions to have this action transferred to the Court of Federal Claims.

For the reasons elaborated below, the Court will **DENY** all relief sought.

## II.     STANDARD OF REVIEW

A motion for reconsideration is an extraordinary remedy to be granted "very sparingly." *Yurecko v. Port Auth. Trans-Hudson Corp.*, 279 F. Supp.2d 606, 608 (D.N.J. 2003). The movant has the burden of demonstrating either: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir.1999). A motion for reconsideration is reserved for those instances where the Court may have "overlooked" pertinent facts or controlling case law. *See* D.N.J. Civ. R. 7.1. When a matter was considered by the Court, it was not "overlooked." *P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 353 (D.N.J.2001). If the moving party fails to cite pertinent facts or case law that the Court overlooked, then the Court should deny the motion. *Egloff v. New Jersey Air Nat'l Guard*, 684 F. Supp. 1275, 1279 (D.N.J. 1988).

## III.    ANALYSIS

The Court refers the parties to the statement of facts in the Court's prior opinion.

"The general rule is that the transferor court loses jurisdiction when the files in a case are physically transferred to the transferee court." *Hudson United Bank v. Chase Manhattan Bank of Connecticut, N.A.*, 43 F.3d 843, 845 n.4 (3d Cir. 1994). Here the transfer order was dated December 21, 2010, and the Clerk of the Court transferred this action on that very day. *See Bishop v. DHS*, 2:10-1095 (D.N.J. Dec. 21, 2010), CM/ECF #28, #29. The Federal Circuit's docket reflected receipt on December 27, 2010 (notice of appeal received) and on January 3, 2010 (noting receipt of transfer from the District of New Jersey). *See Bishop v. DHS*, 2011-3052 (Fed. Cir. 2011), Clerk's Entry #3. Plaintiff's effort to seek reconsideration on January 4, 2010 comes too late, after this Court was divested of jurisdiction.

Because denying relief for filing as little as one day late may seem harsh, the Court also notes that Plaintiff's reconsideration papers appear to duplicate his prior filings in this matter. In these circumstances, it is very unlikely that reconsideration would have been deemed a proper remedy in any event.

## IV.    CONCLUSION

For the reasons elaborated above, the Court **DENIES** the Motion for Reconsideration, **DENIES** the motion for a preliminary injunction, and **DENIES** the application to transfer this action to the Court of Federal Claims.

                                                  s/ William J. Martini

DATE: February 8, 2010                       William J. Martini, U.S.D.J.